UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, | ) ) ) | Case No.: |
| Plaintiff, | ) ) | Claim amount: $183,098.83, plus |
| v. | ) ) | pre-judgment interest at 18% per annum, attorneys' fees and costs |
| GENERAL TRANS GROUP INC. and IVAN PAVLOV, | ) ) ) ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

NOW COMES Plaintiff FIRST CITIZENS BANK & TRUST COMPANY ("First Citizens"), by and through its counsel, and for its Verified Complaint against Defendants GENERAL TRANS GROUP INC. ("General") and IVAN PAVLOV ("Pavlov") (collectively, the "Defendants"), states as follows:

## PARTIES

1. First Citizens is a state bank chartered under the laws of the State of North Carolina, and maintains its principal place of business at 239 Fayetteville St., Raleigh, NC 27601.

2. Defendant General is an Illinois corporation with its principal place of business located at 825 Seegers Rd, Ste C, Des Plaines, IL 60016.

3. Defendant Pavlov is a citizen of the State of Florida domiciled at 18201 Collins Ave., Apt 1204, Sunny Isles Beach, FL 33160.

1

**JURISDICTION**

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to First Citizens' claims occurred in this district, and because a substantial part of property that is the subject of the action is situated in this district.

**BACKGROUND**

6. On April 17, 2020, CIT Bank, N.A. ("CIT Bank"), as lender, and General, as obligor, entered into Installment Payment Agreement XXXX643 (the "Agreement"), wherein CIT Bank financed General's acquisition of: one (1) 2021 Freightliner Cascadia, VIN 3AKJHHDRXMSML6473 (the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. Pursuant to the Agreement, General agreed to make seventy-two (72) monthly payments of $3,218.79. See Exhibit 1, page 1.

8. To induce CIT Bank to enter into the Agreement with General, Pavlov guaranteed General's obligations to CIT Bank under a personal guaranty (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

9. As set forth in the Agreement, General granted CIT Bank a first priority security interest in and to the Equipment and all accessions, substitutions and proceeds thereof. See Exhibit 1, Paragraph 5.

10. In conjunction with the Agreement, CIT Bank and General executed a Title Vehicle Addendum to the Agreement, wherein the parties agreed that the Equipment would be titled with General as the owner and CIT Bank as the lienholder. *See* Exhibit 1, page 3.

11. CIT Bank's first priority security interest in the Equipment is reflected in the Certificate of Title for the Equipment. A true and correct copy of the Certificate of Title is attached hereto as Exhibit 3.

12. On January 3, 2022, CIT Bank merged with and into Plaintiff First Citizens. A true and correct copy of the Articles of Merger is attached hereto as Exhibit 4.

13. General defaulted under the Agreement by failing to make the payments due.

14. Pavlov failed to make payments under the Guaranty.

15. Failure to make timely payments is an Event of Default under the Agreement. *See* Exhibit 1, Paragraph 7.

16. Upon the occurrence of an Event of Default, First Citizens is entitled to seek the past due and future balance owed under the Agreement, return of the Equipment, past due interest at the rate of 18% per annum, and attorney's fees and costs. *See* Exhibit 1, Paragraph 8.

17. The remaining balance due to First Citizens under the Agreement and Guaranty is $183,098.83.

18. First Citizens has demanded payment from the Defendants pursuant to the Agreement and Guaranty, but the Defendants have failed or refused to make payment.

19. First Citizens has fulfilled all of its obligations under the Agreement and Guaranty.

## COUNT I - BREACH OF CONTRACT
## AGAINST GENERAL TRANS GROUP INC.

20. First Citizens re-alleges and re-asserts Paragraphs 1 through 19 of its Verified Complaint as though fully set forth herein.

21. First Citizens has fully performed its obligations under the Agreement.

22. General defaulted under the Agreement by failing to make all necessary payments when due.

23. As a result of General's payment default, First Citizens is entitled to payment of $183,098.83, plus prejudgment interest, attorneys' fees and costs.

WHEREFORE Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant GENERAL TRANS GROUP INC. in the amount of $183,098.83, plus prejudgment interest at the rate of 18% per annum, attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT II - BREACH OF GUARANTY
## AGAINST IVAN PAVLOV

24. First Citizens re-alleges and re-asserts Paragraphs 1 through 23 of its Verified Complaint as though fully set forth herein.

25. Pavlov defaulted under the Guaranty by failing and refusing to make payments when due.

26. As a result of Pavlov's default under the Guaranty, First Citizen is entitled to payment of $183,098.83, plus interest, attorneys' fees and costs.

WHEREFORE Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant IVAN PAVLOV in the

amount of $183,098.83, plus prejudgment interest at the rate of 18% per annum, attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST GENERAL TRANS GROUP INC.

27. First Citizens re-alleges and re-asserts Paragraphs 1 through 26 of its Verified Complaint as though fully set forth herein.

28. This claim is brought pursuant to Illinois Code of Civil Procedure § 19-101 *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

29. Pursuant to the Agreement, upon a default, First Citizens is entitled to the Equipment. *See* Exhibit 1, Paragraph 8.

30. First Citizens has been unable to secure the Equipment by peaceful means.

31. General is wrongfully and unlawfully detaining the Equipment.

32. First Citizens has demanded the return of the Equipment from General, but General has failed or refused to return the same.

33. First Citizens will suffer irreparable damages if the Equipment is not returned to First Citizens, because General has not been able to pay the amounts it owes to First Citizens, such that First Citizens' only recovery may be from a sale of the Equipment.

34. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of First Citizens, nor seized under any lawful process against the goods and chattels of First Citizens subject to such lawful process, nor held by virtue of any order for replevin against First Citizens.

35. Upon information and belief, the Equipment is located at 825 Seegers Rd., Ste C, Des Plaines, IL 60016.

36. First Citizens estimates that the fair market value of the Equipment is approximately $105,681.99 to $116,806.41, depending on condition.

WHEREFORE, Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that this Honorable Court enter an Order directing the United States Marshals Service, or any other designated officer, to use all necessary force to repossess the Equipment, or any portion thereof, from GENERAL TRANS GROUP INC. located at 825 Seegers Rd., Ste C, Des Plaines, IL 60016, or any other location where the Equipment may be found, and enter judgment against GENERAL TRANS GROUP INC. for the value of any portion of the Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV – DETINUE
## AGAINST GENERAL TRANS GROUP INC. AND IVAN PAVLOV

37. First Citizens re-alleges and re-asserts Paragraphs 1 through 36 of its Verified Complaint as though fully set forth herein.

38. Pursuant to the Agreement, upon a default, First Citizens is entitled to the Equipment.

39. The Equipment is in the Defendants' possession.

40. The Defendants are wrongfully retaining possession of the Equipment, because the Defendants have defaulted under the terms of the Agreement and Guaranty by failing to make timely payments when due. Under the terms of the Agreement and Guaranty, the Defendants are required to surrender the Equipment to First Citizens.

41. First Citizens' right to possession of the Equipment is superior to that of Defendants.

42. First Citizens is entitled to an order directing Defendants to turn over the Equipment within ten (10) calendar days, or such other reasonable time period as the Court may determine.

WHEREFORE, FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that this Court enter an Order compelling GENERAL TRANS GROUP INC. and IVAN PAVLOV to surrender the Equipment to FIRST CITIZENS BANK & TRUST COMPANY, at a place and time directed by FIRST CITIZENS BANK & TRUST COMPANY, within ten (10) days of this Court's entry of judgment and/or a turnover order.

        FIRST CITIZENS BANK & TRUST COMPANY

By:   /s/ Debra Devassy Babu

Debra Devassy Babu (ARDC # 06282743)
Yuree Nam (ARDC #9349597)
Darcy & Devassy PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
ddevassy@darcydevassy.com
ynam@darcydevassy.com

## **VERIFICATION**

      Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*David A. DiDonato, Jr.*                                 8/27/2025
David DiDonato Jr.                                      Date:
VP Equipment Finance Recovery
FIRST CITIZENS BANK & TRUST COMPANY